Slip Op. 20-131

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HABAŞ SINAI VE TIBBI GAZLAR ISTIHSAL ENDÜSTRISI, A.Ş., <br><br> Plaintiff, <br><br> and <br><br> ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., <br><br> Consolidated Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> REBAR TRADE ACTION COALITION, <br><br> Defendant-Intervenor. | Before: Mark A. Barnett, Judge <br> Consol. Court No. 17-00204 |

## OPINION

[Sustaining the U.S. Department of Commerce's Final Results of Redetermination Pursuant to Court Remand.]

Dated: September 4, 2020

David L. Simon, Law Office of David L. Simon, of Washington, DC, for Plaintiff Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi A.Ş.

Elizabeth A. Speck, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With her on the brief were Ethan P. Davis, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and L. Misha Preheim, Assistant Director. Of counsel on the brief was David Richardson, Senior Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Alan H. Price, John R. Shane, and Maureen E. Thorson, Wiley Rein LLP, of Washington, DC, for Defendant-Intervenor Rebar Trade Action Coalition.

      Barnett, Judge:  This matter is before the court following the U.S. Department of Commerce's ("Commerce") redetermination upon third court-ordered remand.  *See* Final Results of Redetermination Pursuant to Court Remand ("3rd Remand Results"), ECF No. 99-1.  Plaintiff Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi A.Ş. ("Habaş") and Consolidated Plaintiff Icdas Celik Enerji Tersane Ve Ulasim Sanayi A.S. ("Icdas") (together, "Plaintiffs") each challenged certain aspects of Commerce's final affirmative determination in the sales at less than fair value investigation of steel concrete reinforcing bar from the Republic of Turkey.[1]  *See Steel Concrete Reinforcing Bar From the Republic of Turkey*, 82 Fed. Reg. 23,192 (Dep't Commerce May 22, 2017) (final determination of sales at less than fair value) ("*Final Determination*"), ECF No. 17-5, and accompanying Issues and Decision Mem., A-489-829 (May 15, 2017), ECF No. 17-6, *as amended by Steel Concrete Reinforcing Bar From the Republic of Turkey and Japan*, 82 Fed. Reg. 32,532 (Dep't Commerce July 14, 2017) (am. final affirmative antidumping duty determination for the Republic of Turkey and antidumping duty orders), ECF No. 17-7, and accompanying Allegations of Ministerial Errors Mem., A-489-829 (July 10, 2017), ECF No. 17-8.  The court has issued three opinions resolving the substantive issues raised in this case; familiarity with those opinions is presumed. *See Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi, A.Ş. v. United States* ("*Habaş I*"),

---

[1] The administrative record associated with the 3rd Remand Results is contained in a Public Remand Record, ECF No. 100-1, and a Confidential Remand Record, ECF No. 100-2.

Consol. Court No. 17-00204																																			Page 3

43 CIT \_\_\_, 361 F. Supp. 3d 1314 (2019); *Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi, A.Ş. v. United States* ("*Habaş II*"), 43 CIT \_\_\_, 415 F. Supp. 3d 1195 (2019); *Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi, A.Ş. v. United States* ("*Habaş III*"), 44 CIT \_\_\_, 439 F. Supp. 3d 1342 (2020).

Briefly, *Habaş I* remanded Commerce's method of calculating Plaintiffs' respective duty drawback adjustments by allocating exempted duties over total production and the use of partial adverse facts available in relation to certain sales for which Icdas could not provide manufacturer codes.  361 F. Supp. 3d at 1318, 1322–24, 1336–37.  The court sustained the *Final Determination* in all other respects.  *Id.* at 1318, 1337.  *Habaş II* sustained Commerce's revised duty drawback adjustment as applied to export price and Commerce's use of partial adverse facts available with respect to Icdas.  415. F. Supp. 3d at 1201.  The court remanded Commerce's decision to make a circumstance of sale adjustment to normal value in the same amount as the duty drawback adjustment to export price.  *Id*.  *Habaş III* sustained Commerce's decision to recalculate normal value without making a circumstance of sale adjustment and, consistent with *Saha Thai Steel Pipe (Public) Co. Ltd. v. United States*, 635 F.3d 1335, 1341–44 (Fed. Cir. 2011), to increase the cost of production and constructed value to account for the cost of exempted import duties for which Plaintiffs remained liable until they satisfied the duty exemption program requirements.  439 F. Supp. 3d at 1346, 1349–50.  The court granted Commerce's request for a remand to include in Habaş's duty drawback adjustment import duties forgiven in connection with one inward

Consol. Court No. 17-00204 Page 4

processing certificate,[2] IPC # 36, and sustained Commerce's decision not to include in the adjustment import duties associated with IPC # 1598. *Id.* at 1346–49. The court further sustained Commerce's rejection of Defendant-Intervenor Rebar Trade Action Coalition's ("RTAC") proposed cost-side adjustment. *Id.* at 1349–50.

In this third redetermination, Commerce included IPC # 36 in its duty drawback calculations. 3rd Remand Results at 1–2. That change resulted in a weighted-average dumping margin for Habaş in the amount of 3.96 percent. *Id.* at 3. Commerce had previously calculated a weighted-average dumping margin for Icdas in the amount of 4.17 percent and, consequently, in this redetermination, established an all-others rate in the amount of 4.07 percent. *Id.*

RTAC submitted comments restating its disagreement with the court's opinions in this proceeding. *See* [RTAC's] Cmts. on Final Results of Third Redetermination ("RTAC's Cmts."), ECF No. 101. Habaş and Defendant United States request the court to sustain Commerce's 3rd Remand Results. Def.'s Resp. to Cmts. on Remand Redetermination, ECF No. 102; Reply Cmts. of Pl. [Habaş] in Resp. to Cmts. of [RTAC] on Final Results of Third Redetermination, ECF No. 103. For the reasons discussed herein, the court will sustain Commerce's 3rd Remand Results.

---

[2] "An inward processing certificate ('IPC') is used to track 'the identity, quantity, and value of goods to be imported' and subsequently exported in order 'to satisfy the export commitment of the IPC.'" *Habaş III*, 439 F. Supp. 3d at 1346 n.4 (citation omitted).

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2018), and 28 U.S.C. § 1581(c) (2018).

The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed for compliance with the court's remand order." *SolarWorld Ams., Inc. v. United States*, 41 CIT ___, ___, 273 F. Supp. 3d 1314, 1317 (2017) (citation omitted).

## DISCUSSION

RTAC continues to support the duty drawback adjustment methodologies Commerce used in its margin calculations for the *Final Determination* and first redetermination upon court-ordered remand and maintains that Commerce properly excluded IPC # 36 and IPC # 1598 from Habaş's duty drawback adjustment. RTAC's Cmts. at 1–2. In light of the court's order in *Habaş III*, however, "RTAC takes no issue with the calculations themselves." *Id.* at 2.

Commerce's redetermination complied with the court's order in *Habaş III* by recalculating Habaş's duty drawback adjustment to include IPC # 36. *See* 3rd Remand Results at 1, 4. Commerce's 3rd Remand Results are otherwise lawful and supported by substantial evidence.

## CONCLUSION

In accordance with the foregoing, the court will sustain Commerce's 3rd Remand Results. Judgment will enter accordingly.

/s/   Mark A. Barnett
Mark A. Barnett, Judge

Dated: September 4, 2020
New York, New York